UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY R. LeBLANC,

    Plaintiff,    Case No. 1:14-cv-237

v.           Honorable Janet T. Neff

STATE OF MICHIGAN,

    Defendant.

_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendant is immune from suit in federal court.

## Factual Allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility. Plaintiff sues the State of Michigan. Plaintiff alleges that he was wrongfully arrested and incarcerated for malicious destruction of property and he was maliciously prosecuted based on knowingly falsified court documents and petitions. Plaintiff alleges that the incident that resulted in his arrest occurred on July 11, 2012, and that the Michigan State Police reported the incident as an accident. Plaintiff alleges that he had a pre-trial hearing which he did not know about and he was never asked if he wanted to waive the hearing. Plaintiff alleges that his due process rights were violated because exculpatory evidence was knowingly withheld, including a videotape and photographic evidence showing that he did not intend to "smash into gas pumps with [his] customer's car." (Compl., docket #1, Page ID#5.) Additionally, Plaintiff alleges that fear, misapprehension, persuasion and false promises caused him to plead guilty even though he was on medication and there was no factual support for the crime. Since his incarceration, Plaintiff has been sexually assaulted.

Finally, Plaintiff alleges that the people of the State of Michigan have harassed him by allowing the Michigan Regulatory Commission of Repairs and the Environmental Protection Agency to make numerous false statements in Plaintiff's Pre-sentence Investigation Report.

As relief, Plaintiff seeks punitive damages in the amount of fifteen million dollars, an investigation into a state court judge, several lawyers and two court reporters, and reinstatement of his driver's license. Finally, Plaintiff seeks to have his conviction expunged from his criminal record.

## Discussion

### I. Immunity

Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under §1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Accordingly, because the State of Michigan is the only named Defendant, Plaintiff's action must be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated: March 26, 2014          /s/ Janet T. Neff
                                                         Janet T. Neff
                                                         United States District Judge